
# ARKANSAS COURT OF APPEALS

## DIVISION II
No. CV-12-1028

| | |
|---|---|
| KENNETH R. BROWN and KAREN BROWN<br><br>APPELLANTS<br><br>V.<br><br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC<br><br>APPELLEE | **Opinion Delivered** October 9, 2013<br><br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. CV-11-992]<br><br>HONORABLE JAY MOODY, JUDGE<br><br>AFFIRMED |

## DAVID M. GLOVER, Judge

This is an appeal from summary judgment entered on August 29, 2012. Judgment was entered in favor of appellee, Federal Home Loan Mortgage Company (Freddie Mac), concerning property that belonged to appellants, Kenneth and Karen Brown (the Browns), before a February 8, 2011 foreclosure sale. We affirm.

### Background

In April 2009, the Browns were not able to pay their 2007 mortgage, which had been assigned to CitiMortgage, Inc. The Browns and CitiMortgage entered negotiations to modify the Browns' obligation; eventually the Browns' monthly payment was reduced to $2,709.22 under a Home Affordable Modification Trial Period Plan (HAMP). Though the parties disagree about the start date of the trial plan, that disagreement does not affect

SLIP OPINION

the outcome of this appeal. They do agree that the Browns made reduced payments under HAMP through January 2011 but that the October 2010 through January 2011 payments were returned to the Browns by CitiMortgage with offers to assist them in bringing their mortgage current. On December 6, 2010, CitiMortgage filed a "Mortgagee's Notice of Default and Intention to Sell," declaring the entire indebtedness due and setting a sale date of February 8, 2011. CitiMortgage submitted an affidavit of mailing and compliance with statutory notice. By letter dated December 14, 2010, CitiMortgage informed the Browns that "Because you have not kept the terms of the Forbearance Plan with us, we have cancelled it."

The foreclosure sale on the Browns' property was held, and a deed from CitiMortgage conveying the property to Freddie Mac was executed on February 11, 2011. Freddie Mac mailed the Browns a notice to quit and demand for possession of the property. When the Browns did not relinquish the property, Freddie Mac filed a complaint in forcible entry and detainer on March 2, 2011. The trial court filed an order for writ of assistance on March 28, 2011, and a writ of assistance was filed on May 3, 2011.

On May 16, 2011, the Browns sought and were granted a preliminary injunction. Incorporated in the Browns' petition for injunctive relief was a petition to set aside the foreclosure, asserting that a modification had occurred and the sale should be set aside because of fraud, improper process, promissory estoppel, and part performance. Freddie

SLIP OPINION

Mac then filed its motion for summary judgment. Following a hearing on the motion, the trial court granted summary judgment and this appeal followed.

*Standard of Review*

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, responses to requests for admission, and affidavits show that there is no genuine issue of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Welsher v. Mercy Health Sys.*, 2012 Ark. App. 394. The burden of proving that there is no genuine issue of material fact is upon the moving party. *Id.* However, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ark. R. Civ. P. 56 (2012). The question on appeal is whether the evidence presented left a material question of fact unanswered. *Welsher, supra.* In conducting our appellate review, we view the proof in the light most favorable to the party resisting the motion, resolving any doubts and inferences against the moving party. *Id.* Questions of statutory interpretation are reviewed de novo. *Meadows v. Ferrell*, 2013 Ark. App. 106. In determining the meaning and effect of a statute, we construe it just as it reads, giving the words their ordinary and accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.*

3

SLIP OPINION

*Discussion*

The Browns raise several points, with numerous subpoints, in this appeal. As their primary point of appeal, however, they contend that the trial court erred in not setting aside the foreclosure sale because they were not in default at the time of foreclosure, alleging that the mortgage agreement had been previously modified. In order to understand why we agree with the trial court's rejection of this argument as barred under Arkansas Code Annotated section 18-50-116(d)(2)(B), it is first important to understand the statutory framework within which this case must be decided. We therefore begin our discussion with the statutes applicable to setting aside a foreclosure sale, and then incorporate the Browns' arguments into that discussion.

Arkansas Code Annotated section 18-50-111(a)(2) (Repl. 2003) makes clear that the recitals contained in the mortgagee's deed serve as prima facie evidence of the truth of the matters set forth therein. It provides in pertinent part:

18-50-111. Form and effect of trustee's or mortgagee's deed.

(a)(1) The . . . mortgagee's deed shall contain recitals of compliance with the requirements of this chapter relating to the exercise of the power of sale and sale of the trust property, including recitals concerning mailing and publication of notice of default and intention to sell and the conduct of the sale.

(2) Upon the filing of the deed for record with the recorder of the county in which the trust property is situated, *the recitals shall be prima facie evidence of the truth of the matters set forth therein,* but the recitals shall be conclusive in favor of a purchaser for value in good faith relying upon them.

SLIP OPINION

(Emphasis added.)   In addition, Arkansas Code Annotated section 18-50-116(d) (Supp. 2011) provides in pertinent part:

> (d) Nothing in this chapter shall be construed to:
>
> . . . .
>
> (2)(A) Impair the right of any person or entity to assert his or her legal and equitable rights in a court of competent jurisdiction.
>
> (B) *However,* a claim or defense of a person or entity asserting his or her or its legal and equitable rights, shall be asserted *before the sale or it is forever barred and terminated,* <u>except</u> that the mortgagor may assert the following against either the mortgagee or trustee:
>
> (i) *Fraud*; or
>
> (ii) *Failure to strictly comply* with the provisions of this chapter, including without limitation subsection (c) of this section.

(Emphasis added.)   This statutory framework makes clear that legal or equitable rights must be asserted *before* a foreclosure sale is held or the claim will be "forever barred or terminated," *except* in cases where fraud or the failure to strictly comply with the applicable statutory provisions can be established.

Here, the foreclosure sale took place; the property was thereafter conveyed by deed to Freddie Mac; but only when Freddie Mac demanded possession of the property did the Browns begin asserting their legal and equitable claims; and then Freddie Mac sought summary judgment, asserting its rights to the property pursuant to its deed.  According to the statutory framework set forth above, the only way the Browns could successfully set

SLIP OPINION

aside the foreclosure sale was to establish either fraud or the failure to strictly comply with the applicable statutory provisions. *See* Ark. Code Ann. § 18-50-116(d)(2)(B).

At the hearing, the trial court did an exemplary job of explaining to the Browns the rationale for, and the type of, proof it needed in order to deny Freddie Mac's motion for summary judgment. For example,

> THE COURT: I guess what I'm telling you is, I think they've made their prima facie case unless you have a defense that says you were defrauded into not acting. And I see that as y'all's last escape to get past this sale that's already happened.
>
> And I'm trying to give you an opportunity to give me that information in a form that I can use it. But I don't think the rules allow me to just take your answer or your arguments, absent some testimony in the form of an affidavit or e-mails from the company which wouldn't be hearsay because they would be admissions of a party opponent. I know there's issues about whether or not they're true and accurate. But that's not the issue here.
>
> I don't have anything in that post-October window in the way of any documents, whether they're—whether they have a foundation—admissible foundation or not. Evidentiary foundation, is the word I was looking for. But all I have is comments during negotiations and things prior to them starting to send their checks back. And things changed when they started sending their checks back because you can't—I think they made a prima facie case that they gave them notice at that point. Now, the notice reads for itself. It is what it is. But I don't know that I can do anything but say, do you have anything that fits that?

The trial court concluded that the Browns did not present adequate proof to demonstrate either statutory basis for setting aside the foreclosure sale.[1]

---

[1]The Browns never truly asserted as a basis for setting aside the sale a failure to strictly comply with the applicable statutes.

SLIP OPINION

The Browns argue that they were not obligated to meet proof with proof because Freddie Mac did not demonstrate a prima facie entitlement to summary judgment, i.e., "that [Freddie Mac] had not met their burden of proof by establishing a prima facie case of no fraud." In essence, they contend that Freddie Mac did not establish a prima facie entitlement to summary judgment because it did not prove the *absence* of fraud on its part. We find no merit to the argument. Freddie Mac's motion for summary judgment and accompanying exhibits made a prima facie case that it was entitled to possession of the Browns' property. It was then up to the Browns to meet that proof with proof of their own demonstrating either fraud or the failure to strictly comply with the applicable statutory requirements. We agree with the trial court that the Browns did not do so. In short, once Freddie Mac established its prima facie rights to the property, which it did, the burden of demonstrating one or both of the statutory exceptions fell to the Browns. The trial court concluded that the Browns did not satisfy that burden, and we agree.

Consequently, as noted at the outset of our discussion, we agree with the trial court's conclusion that the Browns' primary argument was barred by Arkansas Code Annotated section 18-50-116(d)(2)(B). That is, the Browns' overall position is that the trial court erred in not setting aside the foreclosure sale because they were not in default at the time Freddie Mac foreclosed, having allegedly modified the mortgage agreement prior to the foreclosure sale. The problem with this argument is that they did not make it *before* the foreclosure sale. As explained previously, after the sale, they were limited by statute to

SLIP OPINION

demonstrating either fraud or a failure to strictly comply with the statutes as bases for setting aside the sale; there is no statutory exception for setting aside a sale based on a legal or equitable claim that there had been a prior modification of the mortgage agreement. Because the Browns did not present adequate proof of fraud or a failure to strictly comply with the statutes, their other claims were "forever barred and terminated." The trial court concluded that the Browns "failed to present sufficient proof to overcome the bar established by Arkansas Code Annotated § 18-50-116(d)(2)(B)." We agree, and, consequently, it is not necessary to further address the Browns' subpoints underlying their basic contention.

A remaining argument asserted by the Browns is that Freddie Mac pled "a 12(b)(6) motion, not a summary judgment." We find no merit to the argument. Freddie Mac acknowledges that its supporting brief for its motion for summary judgment also contained a 12(b)(6)-type challenge, but contends that the motion was clearly also one for summary judgment. We agree. Freddie Mac's motion for summary judgment moved "for summary judgment in its favor, pursuant to Rule 56 of the Arkansas Rules of Civil Procedure. There are no material facts in dispute and, as such, summary judgment is appropriate." The trial court treated the motion as one for summary judgment and, following the hearing on the motion, granted summary judgment. The fact that Rule 12(b)(6) arguments were also raised does not change the basic nature of what was sought by Freddie Mac and granted by the trial court.

8

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*The Henry Firm, P.A.*, by: *Matthew Henry*, for appellant.

*Wilson & Associates, P.L.L.C.*, by: *C. Aaron Holt*, for appellee.