SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-154

| | | |
|---|---|---|
| TIMMY SCRIVNER<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br><br>APPELLEES | | **Opinion Delivered** June 8, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. JV-2014-295]<br><br>HONORABLE LEIGH ZUERKER, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Timmy Scrivner appeals an order of the Sebastian County Circuit Court terminating his parental rights to his three children, B.S. (08/24/08), A.S. (12/23/10), and K.S. (10/05/11). He raises two arguments on appeal: a challenge to the sufficiency of the evidence supporting the circuit court's best-interest determination and a due-process challenge based on his absence at the permanency-planning hearing. We affirm.

We begin our analysis with a recognition that termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Crawford v. Ark. Dep't of Human Servs.*, 330 Ark. 152, 951 S.W.2d 310 (1997). We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). In termination cases, the circuit court must find by clear and convincing evidence that a parent is unfit and that termination is in the best interest of the child. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). This normally involves a two-step

SLIP OPINION

analysis: (1) that the Department of Human Services (DHS) prove one or more of the statutory grounds for termination and (2) that the termination of parental rights is in the child's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A) & (B) (Repl. 2015). Because Scrivner does not challenge the statutory grounds, we will address only the best-interest portion of the analysis.

## I. *Best Interest of the Child*

Scrivner first argues that there was insufficient evidence presented at the hearing to support the circuit court's best-interest determination. We now turn our attention to the evidence before the circuit court.

Scrivner is the father of B.S., A.S., and K.S.[1] Laura Church is the mother of all three children.[2] In April 2014, DHS removed A.S. and K.S. from the custody of Church. The children were removed by DHS for the following reasons: A.S. had burned himself on the forehead with a torch while in the care of Church; Church lived in a "well known drug house"; and Church admitted smoking methamphetamine. B.S. was not removed by DHS because he was not living with Church at the time and was being cared for by the maternal grandmother. At the time of removal, Scrivner was incarcerated.

DHS filed a petition for dependency-neglect on A.S. and K.S. and an amended petition for dependency-neglect on B.S. The court adjudicated all three children dependent-

---

[1] During the course of the dependency-neglect proceeding, Scrivner was adjudicated the father of all three children.

[2] Church's parental rights have also been terminated, but that termination is not subject to this appeal.

neglected, granted custody of A.S. and K.S. to DHS, and granted less-than-custody protections for B.S., maintaining the status quo placement of B.S. with the maternal grandmother.

Throughout most of the proceeding, Scrivner remained incarcerated. He was ordered to obtain and maintain stable and appropriate housing, income, and transportation; complete drug-and-alcohol assessments and all recommended treatment; complete a psychological evaluation and all recommended treatment; complete parenting classes; submit to random drug screens and hair-follicle testing; and visit the children regularly. His compliance with these directives was poor. In a November 2014 review order, the court found that Scrivner had made no progress on the case plan, had not provided any proof of completion of any services obtained in prison, had not completed any parenting classes, and had participated in only one drug screen. The court further found that Scrivner had not visited with the juveniles prior to their placement with the grandmother.

At the permanency-planning hearing,[3] the court found that Scrivner was not diligently working toward reunification and had not made significant or measurable progress toward achieving the goals established in the case plan, remedying the conditions that caused removal, or remedying the conditions that prohibited the placement of the children in his home. Specifically, the court found that Scrivner had not made any progress on the case plan; had not provided proof of completion of any services obtained in prison; had not provided any evidence that he had maintained stable and appropriate housing, income, or transportation;

_____

[3] Scrivner was not present at the permanency-planning hearing. His absence will be more fully developed when we address his second argument on appeal.

had not completed parenting classes; had not completed a psychological evaluation or any recommended treatment; had not completed a drug-and-alcohol assessment or any recommended treatment; and had visited the children only twice during the review period.

DHS subsequently filed a petition to terminate, and after the termination hearing, the circuit court granted the petition. In so doing, the circuit court found that the children would be subject to a great risk of potential harm if returned to Scrivner's custody and that there was little likelihood that continued services would result in reunification. In support of its conclusion, the court noted Scrivner's continuing and untreated substance abuse, as well as his domestic-violence and criminal issues.

Scrivner argues that the termination of his parental rights was not necessary or essential to protect the best interest of the children. He notes that the children were placed with their maternal grandmother. Because of this placement, he argues that the children were not languishing in the foster-care system; that the relative placement was a less-restrictive alternative to termination, which negated the compelling need for permanency by termination; and that termination would not provide any greater stability for the children. Scrivner also argues that the termination of parental rights was contrary to the best interest of the children by cutting the positive family ties between the children and his family and by terminating his obligation to provide financial support, which is detrimental to the children. Lastly, he contends that there was no proof that he posed a credible threat of harm to the children.

Scrivner asserts that this case is similar to *Cranford v. Arkansas Department of Human Services*, 2011 Ark. App. 211, 378 S.W.3d 851, *Caldwell v. Arkansas Department of Human Services*, 2010 Ark. App. 102, and *Lively v. Arkansas Department of Human Services*, 2015 Ark. App. 131, 456 S.W.3d 383. In *Caldwell* and *Lively*, the child was in the permanent care of the mother and, in *Cranford*, the children were in the custody of the grandparents. This court reversed those termination decisions, finding that termination would not necessarily result in greater permanency or stability for the children in those particular circumstances. However, in *Hayes v. Arkansas Department of Human Services*, 2011 Ark. App. 21, we affirmed the termination of parental rights based on the risk of harm to the children should they ever be returned to the father, even absent the need for permanency. Scrivner argues that *Hayes* is inapplicable to the facts of this case because there is no evidence that he had subjected the children to violence and abuse sufficient to warrant an irrevocable break of the parental bonds.

Scrivner's arguments are misplaced. First, the children are still in the custody of DHS. The maternal grandmother is merely a placement option for DHS, and given that the maternal grandmother's rights are derivative of the mother's rights, which have been terminated, this placement option may change. Thus, it is not a given that this is a permanent or stable option.

Second, this case more closely resembles *Brumley v. Arkansas Department of Human Services*, 2015 Ark. 356. In that case, our supreme court held that termination was appropriate despite the child being placed with an aunt because Brumley, who was incarcerated, lacked essential components of the case plan, including stable housing and employment. Here,

Scrivner was incarcerated off and on during the pendency of the action, is currently incarcerated, and still has charges pending. He denied having a substance-abuse problem, despite admitting having smoked marijuana to his probation officer and having received a DWI after a hit-and-run accident. He stated that he was attending a twelve-step program, but when questioned, could not elaborate on the steps. He contends that he has employment and housing upon release, but because of his repeated incarcerations, there is no proof that he can maintain either. Finally, while he argues that termination of his parental rights would cut off his financial support of the children, the evidence at the hearing was that he was over $800 in arrears and had not made a child-support payment since January 31, 2015.

When determining the best interest of the juvenile, the circuit court takes into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii).

Arkansas Code Annotated section 9-27-341(b)(3) requires a circuit court's order terminating parental rights to be based on clear and convincing evidence. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Baker v. Ark. Dep't of Human Servs.*, 340 Ark. 42, 8 S.W.3d 499 (2000). When the burden of proving a disputed fact is by clear and convincing evidence, the question that must be answered on appeal is whether the circuit court's finding was clearly erroneous. *Payne v. Ark. Dep't of Human Servs.*, 2013 Ark. 284. A

finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *See id*. This court gives a high deference to the circuit court because that court is in a far superior position to observe the parties before it and to judge the credibility of the witnesses. *See id*.

Based on these facts, and given our high deference to the circuit court's determination of the evidence and the credibility of the witnesses, the circuit court's finding of best interest was not clearly erroneous.

## II. *Due Process*

Scrivner next argues that his due-process rights were violated when he was prevented from attending the permanency-planning hearing where the goal of the case was changed from reunification to adoption and termination. This argument arises from the permanency-planning hearing held in April 2015. Scrivner's notice of appeal, however, specifies only an appeal from the termination order; thus, any error committed during the permanency-planning hearing is not preserved for our review. In *Velazquez v. Arkansas Department of Human Services*, 2011 Ark. App. 168, we held that the appellant's arguments challenging termination of parental rights actually related to the earlier permanency-planning hearing and review hearing, neither of which was before the court because the appellant's notice of appeal failed to designate the permanency-planning order or bring up the record pertaining to the permanency-planning hearing. "While a termination order might bring up all intermediate orders, appellant did not designate the permanency-planning hearing in his notice of appeal,

effectively waiv[ing]" his arguments related to the permanency-planning order. *Velazquez*, 2011 Ark. App. 168, at 5. Because Scrivner failed to designate the permanency-placement order in his notice of appeal or to bring forth a record of that hearing, his argument is not preserved for our review.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem minor children.