Cite as 2020 Ark. App. 242

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-513

|  |  |
|---|---|
| BENNIE L. SIMS AND BRENDA F. SIMS<br>APPELLANTS<br><br>V.<br><br>FAY SERVICING, LLC; THE MORTGAGE OUTLET, INC.; AND WILMINGTON SAVINGS FUND SOCIETY, FSB<br>APPELLEES | Opinion Delivered: April 15, 2020<br><br>APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62CV-16-236 ]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellants Brenda and Bennie Sims appeal the order of the St. Francis County Circuit Court granting summary judgment in favor of the appellees, Fay Servicing, LLC; The Mortgage Outlet, Inc.; and Wilmington Savings Fund Society, FSB, and dismissing their claims for quieting title and for violating the Arkansas Deceptive Trade Practices Act (ADTPA) (Ark. Code Ann. §§ 4-88-101 et seq.).  On appeal, they argue that the circuit court erred in granting summary judgment. We affirm.

The Simses filed their complaint against the appellees in October 2016, requesting the restoration of their property rights, civil penalties, and attorneys' fees. The history between the parties is as follows. In 2012, the Simses were discharged from a bankruptcy proceeding in which the mortgage of their home was included in the plan. That plan provided that their account was current, and their ongoing mortgage payment would be

$547 per month. Around March 2016, the mortgage was transferred to Fay Servicing, and Fay Servicing began rejecting the Simses' payments because those payments were insufficient to cover amounts for an escrow account.

The Simses allege that Fay Servicing invalidly imposed the escrow amount in violation of the bankruptcy discharge order thereby illegally creating an event of default. They contend that such act constituted an unconscionable, false, or deceptive trade practice that violated Arkansas consumer-protection law.

The appellees responded and moved for summary judgment. In that motion, they argued that any claim related to the foreclosure was barred by Arkansas Code section 18-50-116(d), which provides that a claim or defense by one asserting a legal or equitable right in property subject to foreclosure must be asserted before a foreclosure sale is held or the claim will be "forever barred or terminated," except in cases where fraud or the failure to strictly comply with the applicable statutory provisions can be established. *See also Brown v. Fed. Home Loan Mortg. Co.*, 2013 Ark. App. 574, at 5, 430 S.W.3d 125, 128. They contended that because the Simses never argued that fraud or a strict failure to comply with statutory provisions was ever pleaded, they were entitled to summary judgment as a matter of law.

They further argued that insofar as the ADTPA is concerned, summary judgment is likewise appropriate because (1) the ADTPA does not apply to separate appellees Wilmington Savings Fund Society, FSB, and (2) the appellants never asserted they suffered any damages as a result of an alleged ADTPA violation.

The circuit court granted summary judgment in favor of the appellees. In it, it found that the appellants' claims should have been brought prior to foreclosure and that there was no damages or injury alleged such that a violation of the ADTPA occurred. The court concluded there was no genuine dispute of material fact in the case and that summary judgment was appropriate. The appellants' complaint was dismissed with prejudice. The Simses timely appeal.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, responses to requests for admission, and affidavits show that there is no genuine issue of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Brown*, 2013 Ark. App. 574, at 3, 430 S.W.3d at 127. The burden of proving there is no genuine issue of material fact is on the moving party. *Id.* However, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Ark. R. Civ. P. 56 (2019). The question on appeal is whether the evidence presented left a material question of fact unanswered. *Brown*, *supra*. In conducting our appellate review, we view the proof in the light most favorable to the party resisting the motion, resolving any doubts and inferences against the moving party. *Id.*

On appeal, the Simses first argue that the circuit court erred in its application of Arkansas Code Annotated section 18-50-116 because the statute creates an exception for instances of fraud. They assert that the appellees "violated the Bankruptcy Code and consumer protection laws because it's [sic] action could be construed by a reasonable person

3

to be an attempt to collect a discharged debt." The Simses never once, however, asserted below that the appellees engaged in fraudulent conduct; they are making this argument for the first time on appeal. An argument raised for the first time on appeal is not preserved for appellate review. *See, e.g.*, *Chekuri v. Nekkalapudi*, 2020 Ark. 74, at 18, 593 S.W.3d 467, 477–78.

The Simses next argue that the circuit court erred in granting summary judgment because "a material issue of fact exists in connection with their claim of violation of the deceptive trade practices"; however, neither below nor on appeal do they identify or discuss any facts (not just material) that they contend are disputed. When a movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531, 536 (2000). Here, the Simses have not done so, and they have not made any arguments on appeal in the alternative. The circuit court did not err in granting summary judgment.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Robert E. Kinchen*, for appellants.

*Bradley Arant Boult Cummings LLP*, by: *Mary Clay Morgan*, for appellees.