Cite as 2020 Ark. App. 360

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-19-932

| | |
|---|---|
| JONATHAN RALSTON <br> APPELLANT <br><br> V. <br><br> CHARLES THREET <br> APPELLEE | **Opinion Delivered:** August 26, 2020 <br><br> APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT <br> [NO. 72CV-19-2417] <br><br> HONORABLE DOUG MARTIN, JUDGE <br><br> AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Jonathan Ralston appeals the damages awarded after a writ of possession was ordered in this unlawful-detainer action. On appeal, appellant argues that the circuit court erred by (1) denying his request for recusal of the presiding judge, (2) denying his motion to continue, and (3) awarding damages that are not sufficiently supported by the evidence. We affirm the circuit court's award of damages.

Appellee Charles Threet,[1] as owner of a certain property situated in Prairie Grove, Arkansas,[2] orally agreed to lease the log-cabin home on said property to appellant for a sum of $100 per month.[3] The rental agreement was conditioned upon appellant's occupying the

---

[1]Appellee is married to Ginger Threet, appellant's mother.

[2]The property was deeded to appellee by Betty Ralston, appellant's grandmother.

[3]Prior to appellee becoming the owner of the property, appellant had resided in the home for approximately ten years. In June 2018 after acquiring the property, appellee filed

home with no other person other than his children, not having dogs on the property, and keeping the property clean and maintained. In June 2019, rent was increased to $250 per month due to appellant's failure to abide by the conditions of the original agreement. Despite the rent increase, appellant continued to pay only the $100 per month rent for July and August; the August payment was refused by appellee. On September 10, 2019, appellee filed a complaint for unlawful detainer and damages. Following a hearing on the matter, for which appellant did not appear, an order for writ of possession was entered. Appellant was then evicted from the property upon execution of the writ by the Washington County Sheriff's Department.

At the November 6, 2019 hearing on appellee's request for damages, appellant once again did not appear. The day before the damages hearing, on November 5 after 3:00 p.m., Elizabeth Finocchi entered her appearance as counsel for appellant; however, attorney Gail Segers appeared the next day on Finocchi's behalf to represent appellant. At the outset of the hearing, the following colloquy occurred:

| | |
|---|---|
| SEGERS: | Your Honor, for the record, I am sitting in for Ms. Finocchi who entered her appearance yesterday stating that she expected Judge Martin to recuse as he has for the past several years. Unfortunately, she told her client that they would get another judge and Ralston is not here because of that statement. Even though Ms. Finocchi has asked for the judge to recuse this morning, we are having the hearing and I am sitting in for her. |
| THE COURT: | Just to make the record clear, nothing from Ms. Finocchi's Entry of Appearance that was filed after 3:00 yesterday afternoon mentions anything about recusal, in case that was unclear. |

---

an unlawful-detainer action against appellant; however, appellee agreed to allow appellant to remain in the home upon payment of monthly rent.

2

The hearing then proceeded without appellant present. As the only witness, appellee testified that appellant had failed to pay the agreed-upon rent and that while appellant resided in the home, the property sustained damage. Photographs of the property damage and condition of the property were entered into evidence without objection. An itemized list of anticipated cleaning and repair costs prepared by appellee was then entered into evidence over appellant's counsel's objection that there were no estimates or documents to support the numbers. The court overruled the objection on the basis that appellee was going to testify regarding the estimates. Some of the objections to appellee's testimony concerning what specific companies said about costs were sustained as inadmissible hearsay evidence. Following the hearing, the circuit court entered judgment in favor of appellee for the requested $8000.50 in damages.[4] Appellant now appeals.

For his first challenge on appeal, appellant argues that the circuit court erred by not recusing itself in this matter. He asserts that under Rule 2.11 of the Arkansas Code of Judicial Conduct, Judge Martin was required to recuse himself from all cases involving attorney Elizabeth Finocchi. Rule 2.11 specifically provides that a judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. On appeal, appellant provides information regarding a November 2014 censure of Judge Martin due to violations of the Code of Judicial Conduct occurring during his re-election campaign. Appellant alleges that the violations included unprofessional messages sent to Finocchi, who supported Judge Martin's opponent during the election. Importantly,

---

[4]Appellee was awarded damages in the amount of $6150.50 for cleaning and repair costs; $800.00 for unpaid rent, late fees, and unpaid water bills; $302.50 in filing fees, summons costs, service of process costs, and writ of possession costs; and $747.50 in attorney's fees for a total award of $8000.50.

3

we note that appellant brings forth this information for the first time on appeal. The appellate record in this case is devoid of any evidence of a censure of Judge Martin or any evidence supporting appellant's claim that Judge Martin recused himself from all other cases in which Finocchi was the attorney. None of the "backstory" requiring recusal is contained either in the record or in the abstract or addendum of appellant's appellate brief. An appellate court does not consider matters outside the record, and it is appellant's burden to bring up a record sufficient to demonstrate error.[5] Failure to do so precludes our review of the issue.[6]

Appellant next contends that the circuit erred by denying his motion for continuance. He asserts that based on Judge Martin's required recusal from the case and Finocchi's belief that the hearing would be reset for a later date before a different judge, he (appellant) was not present for the damages hearing. He argues that the court's refusal to continue the hearing significantly prejudiced him as he was unable to present evidence or challenge appellee's testimony. Although the judgment states that "the request of the defendant's attorney that the Court recuse from this matter and/or this case be continued, is denied[,]" the record contains no indication that a recusal or continuance was requested. As noted above, at the hearing, the court specifically stated, "Just to make the record clear, nothing from Ms. Finocchi's Entry of Appearance that was filed after 3:00 yesterday afternoon mentions anything about recusal, in case that was unclear." The court's mistaken denial of a motion for continuance that was never requested is not sufficient to preserve it

---

[5]*Fisher v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 693, 542 S.W.3d 168.

[6]*See Scrivner v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 316, 497 S.W.3d 206.

4

for our review as it was never raised by appellant. An argument raised for the first time on appeal is not preserved for appellate review.[7]

Appellant also challenges the sufficiency of the evidence supporting the circuit court's award of damages. In civil cases where the trial judge, rather than a jury, sits as the trier of fact, the correct standard of review on appeal is not whether there is any substantial evidence to support the finding of the court but whether the judge's findings are clearly erroneous or clearly against the preponderance of the evidence.[8] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[9] Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder.[10]

In challenging the sufficiency of the evidence supporting the award of damages, appellant relies on *Mine Creek Contractors, Inc. v. Grandstaff*,[11] which states that a "plaintiff must present proof that would enable the jury to fix damages in dollars and cents, and damages will not be allowed which are speculative, resting only upon conjectural evidence or the opinion of the parties." Appellant asserts that all the damages awarded in this case were based upon appellee's speculative testimony without evidence to support his claims. He argues that appellee's testimony alone is insufficient without documentary evidence to

---

[7]*Sims v. Fay Servicing, LLC*, 2020 Ark. App. 242.

[8]*McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006) (citing *Schueck v. Burris*, 330 Ark. 780, 957 S.W.2d 702 (1997)).

[9]*Ellis v. Thompson*, 2019 Ark. App. 579, 590 S.W.3d 774.

[10]*Fudge v. Parks*, 2019 Ark. App. 191, 574 S.W.3d 723.

[11]300 Ark. 516, 522, 780 S.W.2d 543, 545 (1989).

5

support his damages claims. Despite appellant's contention that appellee's testimony on its own cannot serve as the basis for a damages award, we are unpersuaded that our caselaw required appellee to provide objective evidence, though supplying such supporting documents would be the better practice.

While the circuit court ruled that particular portions of appellee's testimony regarding the repair cost of damages was inadmissible hearsay evidence, there is no indication that the circuit court improperly relied on it when awarding damages. Along with his testimony, appellee introduced photographs of the damage to and condition of the property, which allowed the circuit court to ascertain the reasonableness of appellee's damages request. With our standard of review in mind, given appellee's unchallenged testimony, we cannot say that the findings are clearly against the preponderance of the evidence.

Additionally, we note that appellant is now making arguments for the first time on appeal to rebut appellee's testimony regarding the extent of damages; however, the time to rebut such testimony was at the damages hearing. Appellant's failure to be present at the proper time does not now give him a second opportunity to do so. Because the award of damages is supported by appellee's testimony and photographic evidence, and the circuit court found appellee to be credible and the damages request to be reasonable, we affirm.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Elizabeth Finocchi*, for appellant.

*Tara Ann Schmutzler*, for appellee.

6